UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JUSTIN RICHARD                                   CIV. ACTION NO. 3:23-00759

VERSUS                                           JUDGE TERRY A. DOUGHTY

WAL-MART LOUISIANA L L C ET AL          MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT & RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. #12], filed by Plaintiff Justin Richard. The motion is opposed. [doc. #15]. For reasons assigned below, it is recommended that the motion to remand [doc. #12], be GRANTED IN PART and DENIED IN PART.

## Background

Justin Richard ("Plaintiff") filed the instant petition for damages ("the Petition") against Wal-Mart, Inc., and Wal-Mart Louisiana, LLC ("Defendants") on May 16, 2023 in the Third Judicial District Court, Lincoln Parish, Louisiana. Petition for Damages [doc. #1-2]. Plaintiff seeks recovery for injuries allegedly sustained when his hand was cut by a sharp object protruding from a shelf at the Service Road Walmart Supercenter in Ruston, Louisiana, on May 15, 2022. *Id.* The Petition does not allege a specific amount in controversy. *Id.*

Defendants filed a notice of removal on June 6, 2023. [doc. #1]. In the notice of removal, Defendants allege that the parties are diverse and the amount in controversy exceeds $75,000. *Id.* at 3-5. Defendants further assert that the amount in controversy is "facially apparent" from allegations in the Petition. *Id.* at 4.

Shortly thereafter, on June 9, 2023, Defendants filed their answer to the Petition. [doc. #9].

Plaintiff then filed a motion to remand on July 6, 2023. [doc. #12]. Therein, Plaintiff avers that the amount in controversy does not exceed the jurisdictional threshold. *Id.* at 1. Plaintiff further argues that it is not facially apparent from allegations in the Petition that the amount in controversy exceeds $75,000. *Id.* at 3. In the same motion, Plaintiff requests costs and attorney's fees arising from the removal. *Id.* at 4.

Defendants' memorandum in opposition to the motion to remand followed on July 26, 2023. [doc. #15]. Defendants argue again that it is apparent on the face of the Petition that the amount in controversy exceeds the jurisdictional threshold. *Id.* Defendants also assert that awarding Plaintiff costs and fees would be improper, as there was an objectively reasonable basis for removal. *Id.* at 9-10.

Plaintiff has not filed a reply, and the time to do so has passed. *See* Notice of Motion Setting [doc. #14]. Accordingly, the matter is ripe.

## <u>Analysis</u>

I. *Plaintiff's Motion to Remand*

In removing this case to federal court, Defendant invoked the Court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Plaintiff does not dispute that the parties are completely diverse.[1] Rather, he contests that the amount in

---

[1] Richard is a Louisiana domiciliary. [doc. #1, p. 2]. Wal-Mart Louisiana, LLC, is a Delaware limited liability corporation which has its sole member Wal-Mart Stores East, LP, a Delaware limited partnership; the general partner of Wal-Mart Stores East, LP, is WSE Management, LLC, a Delaware limited liability company, and the limited partner of Wal-Mart Stores East, LP, is WSE Investment, LLC, a Delaware limited liability company; the sole member of both WSE Management, LLC, and WSE Investment, LLC, is Wal-Mart Stores East, LLC; the sole member of Wal-Mart Stores East, LLC, is Wal-Mart, Inc., a Delaware corporation with its principal place of business in the State of Arkansas. *Id.* at pp. 2-3.

controversy exceeds $75,000 and seeks remand to state court on that basis.

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Manguno*, 276 F.3d at 723. Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The party invoking federal jurisdiction bears the burden of proving the suit lies within that limited jurisdiction. *Id*.

Among the elements a removing defendant must prove to establish subject matter jurisdiction is an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA") specifies that the amount in controversy is the sum demanded in the plaintiff's initial pleading. 28 U.S.C. § 1446(c)(2). However, the JCVA allows a notice of removal to assert the amount in controversy if the initial pleading seeks a money judgment pursuant to state law and that state's law does not permit demand for a specific sum. *Id.* at § 1446(c)(2)(A)(ii).[2] Louisiana prohibits the specific pleading of

---

[2] The full text of § 1446(c)(2)(A)(ii) reads:

> (c)(2) – [I]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . . .

damages. LA. CODE CIV. PROC. Art. 893(A)(1) (2022).[3] Thus, the removing defendant must assert the amount in controversy in the notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

Here, Defendant asserts the amount in controversy exceeds $75,000. Notice of Removal, p.5 [doc. #1]. However, Plaintiff challenges this assertion, averring that the amount in controversy does not exceed $75,000. Plaintiff's M/Remand and Request for Att'y's Fees and Costs, p. 2 [doc. #12]. Plaintiff further argues that the Petition does not assert the value of the alleged damages, nor are there records indicating the value of the damages exceeds the jurisdictional threshold. *Id.*

In cases where the plaintiff contests the removing defendant's amount in controversy allegations, removal is proper "'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88 (quoting 28 U.S.C. § 1446(c)(2)(B)). To that end, both sides submit proof of the amount in controversy, and the court determines whether the jurisdictional threshold has been met. *Dart Cherokee*, 574 U.S. at 88. Although a petition does not include a specific monetary demand, the removing party must nonetheless "establish a preponderance of the evidence that the amount in controversy exceeds $75,000." *Schwartz v. Am. Express Travel Related Serv. Co., Inc.*, No. 02-30836, 2003 WL 21417510, at *2 (5th Cir. 2003) (quoting *Manguno*, 276 F.3d at 723); *see also*

---

[3] If a specific amount of damages is necessary to establish the lack of federal jurisdiction, plaintiffs are required to plead that the claim is less than the requisite amount. LA. CODE CIV. PROC. Art. 893(A)(1) (2022). However, courts have recognized that a party cannot create federal jurisdiction by omission, whether be it by inadvertence or by design. *See, e.g.*, *Lilly v. Big E Drilling Co.*, Civ Action No. 07-1099, 2007 WL 2407254, at *1 (W.D. La. Aug. 20, 2007) ("[M]ere silence in a petition can not create federal jurisdiction. . . . [T]he mere inaction of the plaintiff . . . can not give rise to presumptive federal jurisdiction or satisfy the removing defendant's burden.").

*Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (plaintiff's failure to object to jurisdiction and her attorney's personal belief that case was worth much more than $75,000 did not relieve defendant of burden to support federal jurisdiction at time of removal). The removing party's burden is met if, "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Schwartz*, 2003 WL 21417510 at *2 (quoting *Manguno*, 276 F.3d at 723).[4] The jurisdictional facts in support of removal are derived from the state court petition as they existed at the time of removal.[5] *Manguno*, 276 F.3d 723. "[A]ny ambiguities [in the claims] are construed against removal because the removal statute should be strictly construed in favor of remand." *Smith v. Bank of Am. Corp.*, 605 Fed.Appx. 311, 314 (5th Cir. 2015) (citing *Manguno*, 276 F.3d at 723).

Past cases featuring pleadings that facially evidence an amount in controversy exceeding

---

[4] It is unclear what impact – if any – *Dart Cherokee* has on this two-part framework. The Court of Appeals for the Fifth Circuit has indicated that *Dart Cherokee* did "nothing to cast doubt on the prior case law" concerning jurisdictional challenges raised on appeal based upon the amount in controversy. *Statin v. Deutsche Bank Nat. Trust Co.*, 599 Fed.Appx. 545, 546 n.1 (suggesting *Dart Cherokee* "likely was not [decided] with the procedural posture of this case in mind."). Furthermore, trial courts in the Fifth Circuit have utilized the two-part framework in the wake of *Dart Cherokee*. *See, e.g., Mason v. Danza*, Civ. Action No. 17-0744, 2017 WL 7048525, at *2-3, n.2 (W.D. La. Dec. 28, 2017), *R&R adopted,* 2018 WL 522732 (W.D. La. Jan. 23, 2018) (observing unclear effect of *Dart Cherokee* on the removal framework and granting remand based on lack of evidence supporting amount in controversy exceeding $75,000); *Clark v. Logan's Roadhouse, Inc.*, Civ. Action No. 15-2620, 2015 WL 9307333, at *2-3 (W.D. La. Dec. 21, 2015) (same); *Akins v. Ace Am. Ins. Co.*, Civ Action No. 14-0653, 2015 WL 566678, at *2 (M.D. La. Feb. 10, 2015) (noting potential impact of *Dart Cherokee* on the two-part framework and denying remand based on claims making facially apparent an amount in controversy exceeding $75,000). A decade of utilizing the two-part removal framework under the *Dart Cherokee* regime indicates that the test remains substantively unaltered by the Supreme Court's decision.
[5] Events after removal that "reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938)).

$75,000 include the following:

- *Hernandez v. USA Hosts, Ltd.*: The plaintiff alleged that she "sustained serious personal injuries to her back, knees, shoulder and body as a whole, including but not limited to aggravation of pre-existing conditions, which have caused substantial physical pain and suffering; mental anguish; emotional distress; medical expenses; loss of enjoyment of life; lost wages; property damage; and, other elements of damages." 418 Fed.Appx. 293, 294 (5th Cir. 2011). The plaintiff further alleged that these damages were "either permanent, or continuing in nature, and [the plaintiff] will suffer losses in the future." *Id*.

- *Felton v. Greyhound Lines, Inc.*: It was alleged that the plaintiff suffered "debilitating injuries including a subtrochanteric fracture of the right hip requiring an open reduction and an internal fixation with a 75 millimeter lag screw and 140–degree six hole plate." 324 F.3d 771, 774 (5th Cir. 2003). It was further alleged that the plaintiff was confined to a rehabilitation hospital after surgery. *Id*.

- *Pollet v. Sears Roebuck & Co.*: The plaintiff alleged that she "suffered severe physical pain and keen mental anguish, humiliation and embarrassment; and has required medical care for her injuries and serious residuals thereof, she has been disabled in her daily activities and has been handicapped in other activities; she has incurred medical expenses and loss [sic] sums of moneys that otherwise she would have earned, and she continues to have a diminished earnings capacity; she has sustained residual and permanent disabilities and impairments; she may require hospitalization and she will require medical care in the future; [and] these conditions may continue, worsen, or become permanent." No. 01-31309, 2002 WL 1939917, at *2-3 (5th Cir. July 18, 2002).

- *Luckett v. Delta Airlines, Inc.*: The complaint included alleged damages to property, travel

expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and the plaintiff's temporary inability to do housework after the aforementioned hospitalization. 171 F.3d 295, 298 (5th Cir. 1999).

- *Lowery v. J.C. Penny Corp., Inc.*: The plaintiff alleged "serious injuries to her back, neck, shoulders, arms, and other areas of her body," loss of enjoyment of life, and permanent disability and impairment. 2006 WL 3827527, at *2 (W.D. La. Dec. 28, 2006). The plaintiff also sought damages for past and future physical pain and suffering, mental anguish, emotional distress, worry, anxiety, inconvenience, and medical expenses. *Id*.

Conversely, Courts in the following cases found that it was not facially apparent from the pleadings that the jurisdictional threshold was exceeded:

- *Simon v. Wal-Mart Stores, Inc.*: The plaintiff alleged – "with little specificity" – damages for an injured shoulder, bruises, and abrasions, unidentified medical expenses, and loss of consortium. 193 F.3d 848, 851 (5th Cir. 1999). The court observed that the plaintiff did not allege damages for loss of property, emergency transportation, hospital stays, specific medical treatments, emotional distress, functional impairments, or disability. *Id*.

- *Holly v. Boyd Gaming Corp.*: It was alleged that plaintiff suffered physical pain, loss of enjoyment of life, lost wages, and medical expenses. 2019 WL 7562728, at *1 (W.D. La. Dec. 23, 2019), *R&R Adopted*, 2020 WL 132532 (W.D. La. Jan. 10, 2020). The plaintiff sought damages for past, present, and future medical expenses, pain and suffering, and lost wages. *Id*. The court appeared to credit a lack of medical reports, proof of medical expenses, or documents related to the wage claim in holding in favor of remand. *Id.*

The allegations presented here more closely resemble those in cases where it was not facially apparent that the amount in controversy exceeded $75,000. In the instant case, Plaintiff

alleges that he has suffered the following damages: past, present, and future medical and pharmaceutical bills, mental anguish, physical pain and suffering, incidental medical expenses, loss of wages and earning capacity; loss of enjoyment of life; scarring and disfigurement; loss of hand mobility; nerve damage; and loss of the collegiate athlete experience for his senior season. Petition for Damages, pp. 2-4 [doc. #1-2].  As in *Simon* and *Holly*, Plaintiff has alleged physical injuries with little medical specificity.  His allegations of scarring, disfigurement, loss of mobility, and nerve damage are significantly less specific than those present in *Felton*.  324 F.3d at 774 (alleging "debilitating injuries including a subtrochanteric fracture of the right hip requiring an open reduction and an internal fixation with a [75-millimeter] lag screw and 140–degree six hole plate.").  Similarly, Plaintiff does not describe the medical severity of his alleged injuries.  For example, there are no allegations of a multi-night stay in hospital, *Luckett*, 171 F.3d at 298, or aggravation of pre-existing conditions, *Hernandez*, 418 Fed.Appx. at 294.   Nor are there allegations of permanent disability and impairment.  *See Lowery*, 2006 WL 3827527, at *2; *Pollet*, 2002 WL 1939917, at *2-3.  Plaintiff also alleges fewer types of damages than many of the plaintiffs in cases where an amount in controversy exceeding $75,000 was facially apparent.[6] Finally, any ambiguities in Plaintiff's allegations must be construed against removal, as "the removal statute should be strictly construed in favor of remand."  *Smith*, 605 Fed.Appx. at 314. The evidence offered by Defendants is insufficient to overcome this presumption.[7]

---

[6] This observation is not meant to insinuate that the absolute number of alleged injuries is dispositive in determining the apparent amount in controversy.  Rather, the numerosity of pleaded injuries is indicative of the scale and scope of damages.

[7] In addition to the allegations discussed *supra*, Defendants present a litany of cases as potential bellwethers of the present action's value.  [doc. #15, pp. 8-9].  The allegations in the present action lack the medical specificity and severity present in those cases.  Thus, the undersigned is unconvinced based on the present body of evidence that the cited cases are predictive of the amount in controversy here.

It is not facially apparent from Plaintiff's damages allegations that the amount in controversy exceeds $75,000. Accordingly, it is RECOMMENDED that Plaintiff's motion to remand be granted insofar as it requests that this matter be remanded to the Third Judicial District Court, Lincoln Parish, Louisiana.

II.    *Possibility for Future Remand*

If, following remand, Defendants receive an amended pleading, motion, or other paper showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, then a second removal may be appropriate. 28 U.S.C. § 1446(b)(3); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-93 (5th Cir. 1996) ("As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." (citations omitted)). Upon receipt of such evidence, Defendants have thirty days to remove to federal court. § 1446(b)(3). Motions for removal under § 1446(b)(3) generally must be made within one year of an action's commencement. *Id.* at § 1446(c)(1).

III.    *Plaintiff's Request for Costs and Attorney's Fees*

In addition to his motion for remand, Plaintiff requests payment of costs and attorney's fees. An order of remand may require payment of costs and expenses, including attorney's fees, resulting from the preceding removal. *Id.* at § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court may award attorney's fees only when the removing party lacked an objectively reasonable basis for seeking removal. *Id*. Reasonableness is evaluated based on "the objective merits of removal at the time of removal." *Riverside Const. Co., Inc. v. Entergy Miss., Inc.*, 626

Fed.Appx. 443, 445 (5th Cir. 2015) (citing *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). The district court's determination that removal was improper is insufficient grounds for awarding fees. *Id*.

Plaintiffs have neither evidenced nor argued that Defendants' conduct in seeking removal of this action was objectively unreasonable. Nor can the undersigned independently identify evidence that removal was baseless. Defendant raised a legitimate, albeit failed, argument for federal jurisdiction. Accordingly, Defendants did not lack an objective basis for seeking removal.

It is RECOMMENDED that Plaintiff's motion be denied to the extent that it seeks payment of costs and attorney's fees.

<u>Conclusion</u>

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's motion to remand [doc. #12], be **GRANTED IN PART** and **DENIED IN PART** as follows:

Plaintiff's request for payment of costs and attorney's fees should be **DENIED**. Plaintiff's motion should otherwise be **GRANTED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 6th day of September, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

11